**UNITED STATES of America, Plaintiff,**

v.

**Liaosheng WANG a/k/a Andrew Wang and Jing Cui, Defendants.**

No. 94–CR–59–S.

United States District Court, D. Colorado.

Sept. 15, 1995.

Mark Barrett, Norman, OK, William Lucero, Denver, CO, Ass't U.S. Attys., for plaintiff.

David Lane, Paula Greisen, Denver, CO, Dennis J. Jacobson, Polidori, Gerome, Franklin & Jacobson, Lakewood, CO, for defendants.

## MEMORANDUM OPINION AND ORDER

SPARR, District Judge.

THIS MATTER comes before the court on: (1) Defendant Wang's Motion to Dismiss, filed February 10, 1995; (2) Defendant Cui's Motion to Dismiss, filed May 9, 1995; and (3) Defendant Wang's Supplemental Motion to Dismiss, filed July 13, 1995. The court has reviewed the motions, the Fourth Superseding Indictment, the Government's responses filed February 27, 1995 and July 28, 1995, Wang's and Cui's reply briefs filed March 17, 1995, the arguments made by counsel at the August 14, 1995 hearing, and the applicable law and is fully advised in the premises.

On a motion to dismiss, the court must accept as true all of the factual allegations found in the indictment. *United States v. Wood,* 6 F.3d 692, 694 (10th Cir.1993) (citation omitted). The Defendants argue that the Fourth Superseding Indictment should be dismissed because the true nature of this prosecution is merely a copyright violation that cannot be prosecuted under the wire fraud statute, 18 U.S.C. § 1343 and § 1346.

First, the Defendants rely on *Dowling v. United States,* 473 U.S. 207, 105 S.Ct. 3127, 87 L.Ed.2d 152 (1985), where the Court held that the National Stolen Property Act, 18 U.S.C. § 2314, did not reach the petitioner's conduct of selling bootleg recordings of copyrighted musical compositions whose unauthorized distribution infringed valid copyrights. The Defendants also rely on *United States v. LaMacchia,* 871 F.Supp. 535 (D.Mass.1994), where the court held that the ruling in *Dowling,* 473 U.S. at 207, 105 S.Ct. at 3128, precluded prosecution of the Defendant under

the wire fraud statute for his conduct in facilitating the illegal copying of copyrighted material. The Defendants argue that because the rights conferred by copyright law have been carefully delineated by Congress and are unique and distinguishable from the broad range of property interests protected by the wire fraud statute, the copyright statutes provide the sole and exclusive remedy for the conduct alleged here. *See LaMacchia,* 871 F.Supp. at 543.

Second, the Defendants argue that they cannot be prosecuted under 18 U.S.C. § 1343 and § 1346 because § 1346 applies only to the general citizenry's right to the honest services of their public officials, and not to a private employer's right to the honest services of its employees.

### 1. *18 U.S.C. § 1343*

■ "Federal crimes, of course, 'are solely creatures of statute.'" *Dowling,* 473 U.S. at 213, 105 S.Ct. at 3131 (citations omitted). The *Dowling* case interpreted 18 U.S.C. § 2314. Section 2314 permits prosecution of, *inter alia:*

> Whoever transports, transmits, or transfers in interstate or foreign commerce any goods, wares, merchandise, securities or money ... knowing the same to have been stolen, converted or taken by fraud....

In *Dowling,* the element of physical "goods, wares, merchandise, securities or money" was critical. *United States v. Brown,* 925 F.2d 1301 (10th Cir.1991). The *Dowling* Court concluded that the property rights of a copyright holder are distinct from the possessory interest of an owner of "goods, wares, [or] merchandise." 473 U.S. at 217, 105 S.Ct. at 3133. A copyright infringer who misappropriates the use of another's protected work does not assume physical control over the copyright or completely deprive the owner of its use. *Dowling,* 473 U.S. at 217–18, 105 S.Ct. at 3133–34.

Title 18 U.S.C. § 1343, the relevant statute in this case, contains no such requirement for physical goods, wares, merchandise, securities, or money. Section 1343 provides:

> Whoever, *having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire,* radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined not more than $1,000 or imprisoned not more than five years, or both.... (emphasis added).

■ Although a computer program does not constitute "goods, wares, merchandise, securities or money" for purposes of the National Stolen Property Act, 18 U.S.C. § 2314, a computer program is intangible intellectual property. *Brown,* 925 F.2d at 1308. The owner of valuable, confidential business information possesses something which has clearly been recognized as *property. United States v. Riggs,* 739 F.Supp. 414, 422–23 (N.D.Ill.1990) (citations omitted) (emphasis in original). Confidential business information has long been recognized as "property" and its intangible nature does not render it any less "property" protected by the mail and wire fraud statutes. *Carpenter v. United States,* 484 U.S. 19, 25–26, 108 S.Ct. 316, 320–21, 98 L.Ed.2d 275 (1987). The right to exclusive use of confidential information generated from the business can constitute property. *Id.* at 26–28, 108 S.Ct. at 320–22. The federal copyright laws do not necessarily preempt other proprietary rights. *Gates Rubber Co. v. Bando Chemical Industries, Ltd.,* 9 F.3d 823, 847–48 (10th Cir.1993).

Taking as true all of the factual allegations found in the indictment, the Defendants' unauthorized transmission by wire of copyrighted computer files containing confidential source code was intended to gain for the Defendants the rights and benefits lawfully reserved to Ellery Systems, Inc., the owner of the confidential information. While the alleged proprietary confidential business information at issue here was copyrighted material, copyright infringement is not the subject of this prosecution. The property that was allegedly illegally transmitted is described in the Fourth Superseding Indictment as copyrighted material, but the existence of a copyright does not limit the reme-

dy in this case. The Defendants' arguments under the *Dowling* analysis are not persuasive in the context of this case.

### 2. 18 U.S.C. § 1346

■ The second prong of the Government's wire fraud count alleges wire fraud as defined by 18 U.S.C. § 1346. For purposes of the mail and wire fraud statutes,

> the term "scheme or artifice to defraud" includes a scheme or artifice to deprive another of the intangible right of honest services.

18 U.S.C. § 1346. Prior to 1987, numerous cases were prosecuted based on private employers' loss of their right to the honest services of their employees. *See United States v. Bronston,* 658 F.2d 920, 922 (2d Cir.1981), *cert. denied* 456 U.S. 915, 102 S.Ct. 1769, 72 L.Ed.2d 174 (1982); *United States v. Von Barta,* 635 F.2d 999, 1002 (2d Cir.1980), *cert. denied* 450 U.S. 998, 101 S.Ct. 1703, 68 L.Ed.2d 199 (1981); *United States v. George,* 477 F.2d 508 (7th Cir.), *cert. denied* 414 U.S. 827, 94 S.Ct. 49, 155, 158, 38 L.Ed.2d 61 (1973); *United States v. Johns,* 742 F.Supp. 196, 216–17 (E.D.Pa.1990), *judgment aff'd* 972 F.2d 1333 (3d Cir.1991). But in 1987, the Supreme Court declared that, while the mail fraud statute clearly protects property rights, it does not extend to schemes by public officials to defraud citizens of their intangible right to honest government. *McNally v. United States,* 483 U.S. 350, 356–61, 107 S.Ct. 2875, 2879–82, 97 L.Ed.2d 292 (1987). In 1988, in response to the *McNally* decision, Congress enacted § 1346 to protect "any person's right to the honest services of another, including the right of the public to the honest services of public officials." 134 Cong.Rec. S17360–02 (November 10, 1988), 1988 WL 182529 (Cong.Rec.); *see also* 134 Cong.Rec. H11108–01 (October 21, 1988), 1988 WL 182261 (Cong.Rec.) (the mail and wire fraud provisions protect the right of employers to the honest service of their employees). Section 1346 does not contain any language that would limit its application to the public's right to the honest services of public officials or would prohibit its application in this case to a private employer's right to the honest services of its employee.

#### a. Defendant Cui

Defendant Cui argues that because he was not an employee of Ellery Systems, Inc., he could not have been in a fiduciary relationship with Ellery and cannot be held accountable under 18 U.S.C. § 1346.

■ Although Cui was not an employee of Ellery Systems, Inc. and was arguably not in a fiduciary relationship with Ellery, a non-fiduciary who schemes with a fiduciary to deprive the victim of intangible rights is subject to prosecution under the mail (or wire) fraud statutes. *United States v. Alexander,* 741 F.2d 962, 964 (7th Cir.1984), *overruled on other grounds United States v. Ginsburg,* 773 F.2d 798 (7th Cir.1985).

■ In addition, Defendant Cui is charged with aiding and abetting the violations of 18 U.S.C. §§ 1343 and 1346. The aiding and abetting statute operates not to create a separate crime but instead to abolish the common law distinction between principal and accessory. *United States v. Langston,* 970 F.2d 692, 705 (10th Cir.1992) (citation omitted). Pursuant to 18 U.S.C. § 2, a defendant may be charged as a principal in the commission of a substantive criminal offense whenever he "aids, abets, counsels, commands, induces or procures its commission. . . ." In order to prove a crime of aiding and abetting, the government must prove that the defendant associated with the criminal venture, that he purposefully participated in it, and that he sought by his actions to bring it about. *United States v. Abreu,* 962 F.2d 1425, 1429 (10th Cir.1992), *judgment vacated on other grounds* —— U.S. ——, 113 S.Ct. 2405, 124 L.Ed.2d 630 (1993). In light of these legal standards and taking as true all of the factual allegations found in the Fourth Superseding Indictment, Cui's motion must be denied.

Accordingly, IT IS ORDERED:

1. Defendant Wang's Motion to Dismiss is DENIED.

2. Defendant Cui's Motion to Dismiss is DENIED.

3. Defendant Wang's Supplemental Motion to Dismiss is DENIED.